In the Matter of ROBERT SCHWARTZ, an Attorney, Respondent. SUFFOLK COUNTY BAR ASSOCIATION, Petitioner.

Second Department, October 4, 1971.

*Charles T. Matthews* for petitioner.

*Robert Schwartz,* respondent in person.

*Per Curiam.* The respondent was admitted to practice law by this court on December 19, 1951. He is charged with professional misconduct in three specifications. The Justice of the Supreme Court appointed to take testimony has reported that all three specifications have been sustained. The petitioner now moves to confirm the report.

The three charges of professional misconduct all arise out of a single transaction, to wit: an abortive sale of real estate as to which the respondent acted as attorney for the seller. Upon the signing of the contract of sale, the respondent was given the down payment of $20,000 to be held in escrow '' in his special attorney's account as a trust fund until the closing of title.'' At the time of the signing of the contract, however, the respondent was experiencing certain financial difficulties and his bank accounts had been attached. The check for the down payment which he received was converted by him into cash and deposited in a friend's safe-deposit box. The real estate transaction was never completed and, upon the failure of the respondent to refund the down payment, it was necessary to initiate an action against him to recover it. Despite the fact that an order was served on him, on August 15, 1969, directing him to pay the money into court, he failed to do so; and payment to the purchaser's attorney was not made until October 7, 1969.

The petition further alleged that (1) the respondent failed to disclose to the purchaser's attorney the disability under which he was operating with respect to escrow funds and that he could not deposit the $20,000 in a " special attorney's account " as provided in the contract; (2) he failed to adequately safeguard the escrow moneys, since the safe-deposit box in which the funds were deposited was not under his exclusive care and custody; and (3) he misled one of the attorneys for the purchaser by sending him a copy of a letter addressed to the County Clerk indicating that the escrow funds had been forwarded to the County Clerk for deposit, " when in fact he was not sure that the money had been actually forwarded to the County Clerk "; and he advised an associate of this attorney that he had a receipt from the County Clerk for the deposit, " when in fact he did not have such a receipt."

At the hearing before Mr. Justice COHALAN, the respondent admitted the acts complained of, but, as stated by the Justice, he drew " different inferences than * * * the petitioner [did]." As above stated, Mr. Justice COHALAN found that the three specifications of misconduct had been proved; and, in our opinion, these specifications were fully sustained by the evidence. Accordingly, the petitioner's motion to confirm the report should be granted.

On the basis of the record here-presented, particularly the evident lack of candor with which the respondent conducted himself vis-à-vis his fellow attorneys, we have determined that suspension from the practice of law for a period of one year, commencing October 11, 1971, would be a suitable and appropriate discipline to be imposed upon him.

In passing, we note that on July 30, 1971, subsequent to the events here in issue, the respondent was sentenced in the United States District Court for the Eastern District of New York after having been found guilty of conspiring to pledge certain shares of corporate stock which were being held for the account of customers of a stock brokerage firm of which he was a principal, thereby permitting the stock to be subjected to the lien of the pledgee. The petitioner herein is directed to institute in this court further disciplinary proceedings against the respondent with respect to the acts of professional misconduct as alleged and disclosed in the indictment and the judgment of conviction.

RABIN, P. J., HOPKINS, MARTUSCELLO, LATHAM and SHAPIRO, JJ., concur.

Motion granted and respondent is suspended from the practice of law for a period of one year, commencing October 11, 1971.